1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RANDY CHEVER BOOKER,                    No.  2:18-CV-1672-TLN-DMC-P

12                    Petitioner,

13       v.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

14   SUPERIOR COURT OF THE STATE OF
     CALIFORNIA, et al.,
15
                     Respondents.
16

17

18           Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ

19   of habeas corpus under 28 U.S.C. § 2254. Pending before the Court are Petitioner's petition for a

20   writ of habeas corpus, ECF No. 1, and Respondents' answer, ECF No. 24.  Petitioner did not file

21   a traverse.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

# I. BACKGROUND

**A.**   **Facts**[1]

The Superior Court of California, County of Sacramento (Superior Court), recited the following facts, and Petitioner has not offered any clear and convincing evidence to rebut the presumption that these facts are correct:

> In case number 16FE06398, Petitioner was charged with violating Penal Code section 211 (first degree robbery) and possessing a prior strike under Penal Code section 667(b)-(i). The allegations in the instant robbery are that Petitioner stole the victim's ATM card by pushing the victim away from an ATM machine while the card was inside the machine. Penal Code section 212.5 clarifies that "[e]very robbery of any person while using an automated teller machine or immediately after the person has used an automated teller machine and is in the vicinity of the of the automated teller machine is robbery of the first degree." Under Penal Code section 213, the sentencing triad for such a first-degree robbery is 3, 4, or 6 years.
> On September 22, 2016, Petitioner pled no contest to first degree robbery and admitted a prior strike under Penal Code section 667(b)-(i). Per the plea agreement, he was sentenced to the lower term of 2 years, doubled because of the strike prior, for a total of four years.
> On December 27, 2016, not long after Petitioner arrived at California Department of Corrections and Rehabilitation ("CDCR"), CDCR informed this Court that Petitioner's sentence was illegal.
> On May 18, 2017, Petitioner withdrew his plea and entered into a new plea agreement in which he pled no contest to first degree robbery and admitted to a prior strike under section 667(b)-(i). Petitioner was sentenced to the lower term for first degree robbery – 3 years, doubled, for a total of 6 years.

ECF No. 25-5, page 7.

**B.**   **Procedural History**

Following resentencing in May 2017, Petitioner filed a habeas corpus petition with the Superior Court of California, County of Sacramento, raising the following claims: (1) ineffective counsel advisement; (2) ineffective court advisement; and (3) unlawful plea withdrawal. ECF No. 25-4, pgs. 6-7.  On January 24, 2018, Petitioner's habeas corpus petition was denied by the Superior Court for failing "to meet

---

[1]   Pursuant to 28 U.S.C. § 2254(e)(1), ". . . a determination of a factual issue made by a State court shall be presumed to be correct."  Findings of fact in the last reasoned state court decision are entitled to a presumption of correctness, rebuttable only by clear and convincing evidence.  See Runningeagle v. Ryan, 686 F.3d 759 n.1 (9th Cir. 2012).  Petitioner bears the burden of rebutting this presumption by clear and convincing evidence.  See id.  These facts are, therefore, drawn from the state court's opinion(s), lodged in this court.  Petitioner may also be referred to as "defendant."

1   his burden of pleading facts which, if proven true, would entitle him to relief. (*People v.*

2   *Duvall* (1995) 9 Cal.4th 464.)" ECF No. 25-5, pg. 6. Petitioner appealed to the California

3   Supreme Court, which denied review without comment.  See ECF No. 25-7.

4

5   **II.  STANDARDS OF REVIEW**

6          Because this action was filed after April 26, 1996, the provisions of the

7   Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable.

8   See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128

9   F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998).  The AEDPA does not,

10  however, apply in all circumstances.  When it is clear that a state court has not reached the merits

11  of a petitioner's claim, because it was not raised in state court or because the court denied it on

12  procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must

13  review the claim de novo.  See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the

14  AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim

15  under its "re-litigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002)

16  (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA

17  did not apply because evidence of the perjury was adduced only at the evidentiary hearing in

18  federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where

19  state court had issued a ruling on the merits of a related claim, but not the claim alleged by

20  petitioner).  When the state court does not reach the merits of a claim, "concerns about comity and

21  federalism . . . do not exist."  Pirtle, 313 F. 3d at 1167.

22          Where AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is

23  not available for any claim decided on the merits in state court proceedings unless the state court's

24  adjudication of the claim:

25          (1) resulted in a decision that was contrary to, or involved an unreasonable
            application of, clearly established Federal law, as determined by the
26          Supreme Court of the United States; or

27          (2) resulted in a decision that was based on an unreasonable determination
            of the facts in light of the evidence presented in the State court proceeding.
28

1  Under § 2254(d)(1), federal habeas relief is available only where the state court's decision is

2  "contrary to" or represents an "unreasonable application of" clearly established law.  Under both

3  standards, "clearly established law" means those holdings of the United States Supreme Court as

4  of the time of the relevant state court decision.  See Carey v. Musladin, 549 U.S. 70, 74 (2006)

5  (citing Williams, 529 U.S. at 412).  "What matters are the holdings of the Supreme Court, not the

6  holdings of lower federal courts."  Plumlee v. Masto, 512 F.3d 1204 (9th Cir. 2008) (en banc).

7  Supreme Court precedent is not clearly established law, and therefore federal habeas relief is

8  unavailable, unless it "squarely addresses" an issue.  See Moses v. Payne, 555 F.3d 742, 753-54

9  (9th Cir. 2009) (citing Wright v. Van Patten, 552 U.S. 120, 28 S. Ct. 743, 746 (2008)). For federal

10  law to be clearly established, the Supreme Court must provide a "categorical answer" to the

11  question before the state court.  See id.; see also Carey, 549 U.S. at 76-77 (holding that a state

12  court's decision that a defendant was not prejudiced by spectators' conduct at trial was not

13  contrary to, or an unreasonable application of, the Supreme Court's test for determining prejudice

14  created by state conduct at trial because the Court had never applied the test to spectators'

15  conduct).  Circuit court precedent may not be used to fill open questions in the Supreme Court's

16  holdings.  See Carey, 549 U.S. at 74.

17        In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a

18  majority of the Court), the United States Supreme Court explained these different standards.  A

19  state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by

20  the Supreme Court on the same question of law, or if the state court decides the case differently

21  than the Supreme Court has on a set of materially indistinguishable facts.  See id. at 405.  A state

22  court decision is also "contrary to" established law if it applies a rule which contradicts the

23  governing law set forth in Supreme Court cases.  See id.  In sum, the petitioner must demonstrate

24  that Supreme Court precedent requires a contrary outcome because the state court applied the

25  wrong legal rules.  Thus, a state court decision applying the correct legal rule from Supreme Court

26  cases to the facts of a particular case is not reviewed under the "contrary to" standard.  See id. at

27  406.  If a state court decision is "contrary to" clearly established law, it is reviewed to determine

28  first whether it resulted in constitutional error.  See Benn v. Lambert, 283 F.3d 1040, 1052 n.6

4

1   (9th Cir. 2002).  If so, the next question is whether such error was structural, in which case federal

2   habeas relief is warranted.  See id.  If the error was not structural, the final question is whether the

3   error had a substantial and injurious effect on the verdict, or was harmless.  See id.

4           State court decisions are reviewed under the far more deferential "unreasonable

5   application of" standard where it identifies the correct legal rule from Supreme Court cases, but

6   unreasonably applies the rule to the facts of a particular case.  See Wiggins v. Smith, 539 U.S.

7   510, 520 (2003).  While declining to rule on the issue, the Supreme Court in Williams, suggested

8   that federal habeas relief may be available under this standard where the state court either

9   unreasonably extends a legal principle to a new context where it should not apply, or

10  unreasonably refuses to extend that principle to a new context where it should apply.  See

11  Williams, 529 U.S. at 408-09.  The Supreme Court has, however, made it clear that a state court

12  decision is not an "unreasonable application of" controlling law simply because it is an erroneous

13  or incorrect application of federal law.  See id. at 410; see also Lockyer v. Andrade, 538 U.S. 63,

14  75-76 (2003).  An "unreasonable application of" controlling law cannot necessarily be found even

15  where the federal habeas court concludes that the state court decision is clearly erroneous.  See

16  Lockyer, 538 U.S. at 75-76.  This is because "[t]he gloss of clear error fails to give proper

17  deference to state courts by conflating error (even clear error) with unreasonableness."  Id. at 75.

18  As with state court decisions which are "contrary to" established federal law, where a state court

19  decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless

20  unavailable if the error was non-structural and harmless.  See Benn, 283 F.3d at 1052 n.6.

21          The "unreasonable application of" standard also applies where the state court

22  denies a claim without providing any reasoning whatsoever.  See Himes v. Thompson, 336 F.3d

23  848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000).   Such decisions

24  are considered adjudications on the merits and are, therefore, entitled to deference under the

25  AEDPA.  See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982.

26  The federal habeas court assumes that state court applied the correct law and analyzes whether the

27  state court's summary denial was based on an objectively unreasonable application of that law.

28  See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

1              **III.  DISCUSSION**

2              Considering the vague and abstract nature of the petition, Petitioner seems to

3     claim: (1) he is entitled to the terms of his original plea agreement; (2) he received ineffective

4     assistance of counsel; and (3) he has been deprived of due process because he was forced to

5     withdraw his initial plea.  See ECF No. 1.  These claims are consistent with the claims raised in

6     the state court.

7              In their answer, Respondents argue: (1) there is no clearly established right that the

8     state court must enforce a plea bargain for an illegal sentence; (2) the state court's rejection of

9     Petitioner's ineffective assistance of counsel claim was reasonable; (3) the state court's rejection

10    of Petitioner's claim that his second plea was coerced was reasonable; (4) Petitioner's argument

11    that he is entitled to additional custody credits does not state a cognizable claim; and (5)

12    Petitioner's due process claim fails to cite any supporting facts. ECF No. 24, pg. 2.

13         A.     **Petitioner's Original Plea**

14             Petitioner alleges that he was entitled to the terms of his initial plea bargain. In

15    addressing this claim, the Superior Court held:

16             Petitioner initially pled no contest to first degree robbery, with a
       prior strike. Under those circumstances, the lowest sentence Petitioner
17     could have received was 6 years. This sentence represents the lower term
       (3 years) associated with first degree robbery under Penal Code section
18     213(a)(1)(B) – doubled due to the prior strike pursuant to Penal Code
       section 667(e)(1). Petitioner's prior sentence of 4 years was illegal.
19             Despite the fact that the parties agreed to the sentence of 4 years, it
       is the Legislature who has the sole authority to determine the appropriate
20     punishment for criminal behavior. (*People v. Tanner* (1979) 24 Cal.3d
       514, 519, fn. 9.) Thus, the court could not legally give Petitioner the
21     benefit of his plea bargain because the 4-year sentence was not authorized
       by law. (*People v. Jackson* (1981) 121 Cal.App.3d 862, 869.)
22     Accordingly, Petitioner's claim that he was not required to withdraw his
       plea is incorrect.
23             Petitioner argues that he was improperly required to forgo his first
       plea for a harsher sentence. Petitioner cites to *People v. Morris* (1979) 97
24     Cal.App.3d 358, which states "once the plea specifying the punishment is
       accepted by the prosecutor and approved by the court, the defendant
25     cannot be sentenced on such plea 'to a punishment more severe than that
       specified in the plea and the court may not proceed as to such plea other
26     than as specified in the plea.'" (Id at 362-363, citing Pen. Code, § 1192.5.)
       However, Petitioner was not sentenced to a harsher sentence than agreed
27     to on that plea. Rather, he withdrew his first plea and entered into a new
       agreement. Morris allows for such: "[i]t is of course axiomatic that when a
28     plea bargain is made the defendant is entitled to withdraw his plea if the

6

negotiated bargain is incapable of actual fulfillment." (*Morris, supra* 97 Cal.App.3d at 362.)

ECF No. 25-5, pgs. 2-3.

Respondents argue that "the Ninth Circuit has held that a defendant has no right to enforce a plea agreement that results in an illegal sentence." ECF No. 24, pg. 11 (citing United States v. Diamond, 53 F.3d 249, 253 (9th Cir. 1995)). The Court agrees. Here, as the state court explained, the sentence under the original plea agreement was not authorized by law. As such, it was illegal and unenforceable. Petitioner was properly resentenced following discovery of the error in the original sentence.

Moreover, Petitioner willingly reaffirmed his plea agreement for resentencing knowingly, intelligently, and voluntarily. ECF No. 25-3, pgs. 3, 5; see Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Mitchell v. Superior Court for Santa Clara County, 632 F.2d 767, 769-70 (9th Cir. 1980); Diamond, 53 F.3d at 253. Absent bad faith on the prosecutor's side – which is not in evidence here – Petitioner's plea bargain is legally valid and cannot be challenged except insofar as Plaintiff claims ineffective assistance of counsel (discussed below). See Diamond, 53 F.3d at 253. Petitioner knowingly and voluntarily pled guilty to the initial and subsequent plea agreements and waived his rights.

The Court finds that the state court's rejection of this claim was neither contrary to nor based on an unreasonably application of clearly established federal law.

### B.    Ineffective Assistance of Counsel

Petitioner asserts that Defense counsel improperly advised Petitioner and coerced him to withdraw his initial plea agreement when he did not have an obligation to withdraw. See ECF No. 1. Petitioner further claims that his counsel failed to raise a defense against Petitioner's robbery charges that would have changed the underlying conviction. See id. Respondents contend Petitioner fails to show constitutionally deficient performance. See ECF No. 24, pgs. 13-14.

/ / /

/ / /

The Sixth Amendment guarantees the effective assistance of counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  See id. at 688.  To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  See id. at 690.  The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  See id.   In making this determination, however, there is a strong presumption "that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made."  Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice.  See Strickland, 466 U.S. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.; see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."  Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

1.   Withdrawal of Original Plea Agreement

In rejecting Petitioner's claim that counsel assistance was ineffective with respect to withdrawal of Petitioner's original plea, the state court reasoned:

> To show constitutionally inadequate assistance of counsel, a defendant must show that counsel's representation fell below an objective standard and that counsel's failure was prejudicial to the defendant. (In re Alvernaz (1992) 2 Cal.4th 924, 937; Strickland v. Washington (1984) 466 U.S. 668, 694.)

8

1

As stated above, Petitioner's first plea was illegal and the court could not give Petitioner the benefit of that bargain. Defense counsel's advisement that Petitioner would need to withdraw his plea was not error and Petitioner's claim of ineffective assistance of counsel fails at the outset. (See <u>People v. Williams</u> (1988) 44 Cal.3d 883, 954 [claim of ineffective assistance of counsel requires the defendant to demonstrate that counsel's performance was actually deficient].)

ECF No. 25-5, pg. 3.

Respondents argue:

A fairminded jurist could agree with the state court's finding that Petitioner failed to demonstrate deficient performance and prejudice for counsel's advice to Petitioner to withdraw his original plea. As discussed above, this Court cannot overturn the state court's finding that Petitioner's original plea was illegal, and that under state law, it had to be invalidated. <u>Bradshaw</u>, 546 U.S. at 76. Given the binding nature of that conclusion, counsel's advice to Petitioner to withdraw his original plea was necessarily correct. Petitioner thus cannot show deficient performance and resulting prejudice. <u>See</u> <u>Jones v. Smith</u>, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (citing <u>Boag v. Raines</u>, 769 F.2d 1341, 1344 (9th Cir. 1985) (an attorney's failure to make a meritless objection or motion does not constitute ineffective assistance of counsel)); <u>see also</u> <u>Matylinsky v. Budge</u>, 577 F.3d 1083, 1094 (9th Cir. 2009) (counsel's failure to object to testimony on hearsay grounds was not ineffective where the objection would have been properly overruled); <u>Rupe v. Wood</u>, 93 F.3d 1434, 1445 (9th Cir. 1996) ("the failure to take a futile action can never be deficient performance").

ECF No. 24, pg. 13.

A guilty plea which is knowingly, intelligently, and voluntarily made, bars any right to later assert claims based on constitutional deprivations allegedly occurring prior to the guilty plea. <u>See</u> <u>Lefkowitz v. Newsome</u>, 420 U.S. 283, 288 (1975) (citing <u>Brady v. United States</u>, 397 U.S. 742 (1970); <u>McMann v. Richardson</u>, 397 U.S. 759 (1970); and <u>Parker v. North Carolina</u>, 397 U.S. 790 (1970)).  The court transcripts indicate Petitioner willingly reaffirmed his plea after Petitioner waived his rights a second time, voiding possible coercion. ECF No. 25-3, pgs. 3-4. Thus, where the defendant pleads guilty, he may only challenge whether the guilty plea was valid (i.e., knowing, intelligent, and voluntary).  <u>See</u> <u>Tollett</u>, 411 U.S. at 267; <u>see also</u> <u>Mitchell v. Superior Court for Santa Clara County</u>, 632 F.2d 767, 769-70 (9th Cir. 1980).  This rule is known as the "<u>Tollett</u> rule." During Petitioner's initial sentencing on September 22, 2016, the Court explained Petitioner's rights to a speedy and public trial, to remain silent, and to not incriminate himself. <u>See</u> ECF No. 25-2, pages 4-5. Petitioner voluntarily waived these rights. <u>Id.</u> Petitioner

9

1    waived these rights again on May 18, 2017, when Petitioner reaffirmed his plea. ECF No 25-3,

2    pg. 4.

3            An exception to the <u>Tollett</u> rule may exist where state law permits a challenge to

4    an adverse pre-trial ruling despite a later guilty plea.  <u>See</u> <u>Lefkowitz</u>, 420 U.S. at 288 (citing

5    <u>McMann</u>, 397 U.S. at 766).   This is called the "<u>Lefkowitz</u> exception."  The only <u>Lefkowitz</u>

6    exception under California law is a statute permitting an appeal based on an alleged Fourth

7    Amendment violation.  <u>See</u> <u>id.</u> at 771; <u>see</u> <u>also</u> Cal. Penal Code § 1538.5.  A conditional guilty

8    plea does not fall under the <u>Lefkowitz</u> exception.  <u>See</u> <u>Mitchell</u>, 632 F.2d at 773.  Another

9    exception to the <u>Tollett</u> rule exists where the challenge goes to "the power of the state to bring the

10   defendant into court to answer the charges brought against him."  <u>Journigan v. Duffy</u>, 552 F.2d

11   283 (9th Cir. 1977) (citing <u>Blackledge v. Perry</u>, 417 U.S. 21, 30 (1974)).  This is known as the

12   "<u>Journigan</u> exception."

13           Thus, under the <u>Tollett</u> rule, a defendant who pleads guilty may only raise claims

14   on federal habeas which challenge the validity of the plea or fall within either the <u>Lefkowitz</u> or

15   <u>Journigan</u> exceptions.  Claims of ineffective assistance of counsel with respect to the plea are

16   permitted under the <u>Tollett</u> rule.  <u>See</u> <u>Tollett</u>, 411 U.S. at 267 (citing <u>McMann</u>, 397 U.S. at 771).

17   In this case, Petitioner did not appeal a Fourth Amendment violation or challenge the state's

18   power to convict him. Petitioner does not qualify for a <u>Lefkowitz</u> or <u>Journigan</u> exception, nor is

19   there evidence that Petitioner did not waive his rights knowingly, intelligently, and voluntarily.

20           The last <u>Tollett</u> exception – ineffective assistance of counsel – is also unavailing.

21   Petitioner fails to identify an act or omission made by Defense counsel that is not the result of

22   reasonable professional judgment.  To the contrary, and as the state court noted, counsel's

23   advisement that Petitioner must withdraw the original plea because it resulted in a sentence the

24   court was not authorized to impose was not only reasonable but required.  The Court thus finds

25   that the state court's rejection of this claim was neither contrary to nor based on an unreasonable

26   application of clearly established federal law under <u>Strickland</u>.

27   / / /

28   / / /

2.      Failure to Raise Defense

Petitioner also claims his trial counsel was ineffective because he failed to

raise a defense.  In rejecting this claim, the state court reasoned:

> Petitioner also claims that his counsel was ineffective for failing to raise a
> defense of receiving stolen property "in lieu" of a robbery charge. Petitioner
> claims that he took possession of an ATM card that was suspended in a machine,
> where ownership of the card was in question. Petitioner claims he has been
> diagnosed with specific diminished mental capacity and has a noted drug problem,
> which caused his lack of cognitive ability at the time.
> Petitioner essentially disputes the charges against him, but provides no
> factual or documentary support for his claims. Moreover, Petitioner's guilty plea
> constitutes an admission of every element of the offense charged and constitutes a
> conclusive admission of guilt. (People v. Turner (1985) 171 Cal.App.3d 116, 125.)
> A guilty plea waives any right to have his conviction reviewed on the merits. (Id.
> at 126.)

ECF No. 25-5, pg. 4.

Because this claim does not relate to the validity of the plea, it is foreclosed under

the Tollett rule based on Petitioner's plea of guilty at resentencing.

C.      **Coercion**

Petitioner appears to claim that he was coerced into withdrawing his original plea

agreement and accepting the second plea agreement at resentencing.  In addressing this claim, the

state court reasoned:

> Petitioner claims that he was coerced into entering the new plea
> when he did not have to withdraw the first plea, and the terms of the new
> plea were less favorable to him. However… Petitioner's first plea was
> illegal and could not stand. When Petitioner entered into the new plea, he
> bargained for the lowest possible sentence available for a first-degree
> robbery conviction, with a prior strike.
> Petitioner claims that the prosecution threatened to add charges if
> he did not accept the plea. In support, Petitioner has attached an email
> from the prosecution to defense counsel. The prosecution informed the
> defense that if Petitioner did not accept the plea, the charges would be
> amended to increase Petitioner's sentencing exposure. However, this email
> was dated prior to the first plea. There is no indication in the record that
> the prosecution sought to add or amend the charges prior to the entry of
> the newest plea.
> Petitioner also claims that the trial court failed to properly advise
> Petitioner prior to the second plea. However, the nature of this claim is not
> clear. Petitioner states that [sic] "the Court, as the record will reflect never
> properly advised the Petitioner of his rights, which in this event, would be
> that he did not as a matter of law, have any obligation to withdraw his
> original plea." To the extent that Petitioner claims his first plea did not
> need to be withdrawn, this claim has been addressed above. However,

Petitioner later cites to *In re Sutherland (*1972) 6 Cal. 3d 666, which discusses the importance of *Boykin/Tahl* rights in ensuring a defendant pled guilty voluntarily and intelligently. To the extent Petitioner is alleging that the court did not admonish him of his *Boykin/Tahl* rights, Petitioner has not provided any factual or documentary support for such a claim and does not meet his burden to overcome the presumption that the new plea was appropriately entered.

Petitioner has not met his burden to allege and prove primary facts which show he did not competently and intelligently waive his constitutional rights. (See *Curl v. Superior Court* (1990) 15 Cal. 3d 1292, 1304.) Rather, Petitioner's allegations go to his dissatisfaction with the additional two years to be served. Dissatisfaction is not the same thing as coercion. (*Cf. People v. Knight* (1987) 194 Cal.App. 3d 337, 344 [entering into a plea is "involuntary" if done without choice or against one's will, unwillingly done if through only reluctance].)

ECF No. 25-5, pgs. 4-5.

To the extent Petitioner asserts he was not required to withdraw the original plea, Petitioner's claim is unpersuasive.  As discussed above, the original plea was illegal and unenforceable and had to be withdrawn.

To the extent Petitioner argues that the prosecutor threatened him with additional charges if he did not accept the new plea agreement on resentencing, the claim is unsupported by any evidence, as the state court notes.  Similarly, Petitioner's argument that the trial court failed to properly advise him with respect to the second plea is unsupported.

The Court finds that the state court's rejection of Petitioner's coercion claims was neither contrary to nor based on an unreasonable application of clearly established law.

**D.**       **Other Claims**

Though not entirely clear from the federal petition, it appears Petitioner is asserting additional claims under the Fifth Amendment, Fourteenth Amendment, and the California Penal Code relating to conduct credits.

1.       Fifth and Fourteenth Amendment Claims

As to the Fifth and Fourteenth Amendment claims, the state court held:

Petitioner raised additional points that are unsupported by fact or argument, such that they fail to state a claim for relief.  Specifically, Petitioner claims that this Fifth Amendment rights, and his right to equal protection under the Fourteenth Amendment have been violated. However, these claims are conclusory, precluding evaluation.

ECF No. 25-5, pgs. 5-6.

12

1    Respondents argue similarly, contending that Petitioner's Fifth and Fourteenth

2    Amendment claims are conclusory and do not cite to any facts that support Petitioner's points.

3    ECF No. 24, pgs. 17-18. The Court agrees. As presented, Petitioner fails to make a factual

4    argument in support of these claims.  The state court's rejection of Petitioner's conclusory Fifth

5    and Fourteenth Amendment claims was neither contrary to nor based on an unreasonable

6    application of clearly established federal law.

7                2.    Conduct Credit Claim

8    Finally, Petitioner argues that he "should [have] been awarded 'Good Time'

9    credits under Penal Code 2933" of 50% rather than the 15% awarded under California Penal Code

10   2931. ECF No. 1, pg. 17. As to this claim, the state court held:

11            Petitioner also asserts Penal Code section 212 is not a violent
      felony under Penal Code section 667.5(c), and that his conduct credit
12    eligibility should be limited to 15% under Penal Code section 2933.1. He
      claims that he should receive additional days of conduct credit.
13            A petitioner bears the burden of showing that he is entitled to pre-
      sentence custody credit. (People v. Johnson (2007) 150 Cal.App.4th 1467,
14    1485.) For the following reasons, Petitioner has not shown he is entitled to
      additional days of conduct credit or that his eligibility limitation should be
15    greater than 15%.
              Petitioner pled guilty to violating Penal Code section 211; robbery.
16    "Any robbery" is a violent felony under Penal Code section 667.5(c)(9).
      Petitioner's current robbery conviction disqualifies him for more than 15%
17    conduct credit eligibility under Penal Code section 2933.1. Contrary to
      Petitioner's claim, he is not eligible for more than 15% conduct credits.
18    Defendant's 26 days of conduct credit accurately reflects this rate.

19    ECF No. 25-5, pg. 5.

20   Respondents argue:

21            This claim involves only the application of state law, and therefore is not
      cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68
22    (1991) (federal habeas relief only is available if a petitioner alleges he is in
      custody in violation of the Constitution or laws or treaties of the United States);
23    see also Mason v. Holt, 2016 WL 6136076, at *5 (E.D. Cal. Oct. 21, 2016)
      (collecting cases for the proposition that a petitioner's claim of entitlement to
24    actual custody credits under California law is not cognizable in a federal habeas
      action).
25
      ECF No. 24, pg. 17.
26

27   / / /

28   / / /

13

1        The Court agrees.  A writ of habeas corpus is available under 28 U.S.C. § 2254

2   only on the basis of a transgression of federal law binding on the state courts.  See Middleton v.

3   Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir.

4   1983).  It is not available for alleged error in the interpretation or application of state law.

5   Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens

6   v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try

7   state issues de novo.  See Milton v. Wainwright, 407 U.S. 371, 377 (1972).  Here, Petitioner's

8   claim relating to custody credits does not implicate a federal or statutory right.  To the extent

9   Petitioner argues the state court erred in the application of state law, the claim is not cognizable.

10

11                    **IV.  CONCLUSION**

12        Based on the foregoing, the undersigned recommends that Petitioner's petition for

13   a writ of habeas corpus, ECF No. 1, be denied.

14        These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

16   after being served with these findings and recommendations, any party may file written objections

17   with the court.  Responses to objections shall be filed within 14 days after service of objections.

18   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

19   Ylst, 951 F.2d 1153 (9th Cir. 1991).

20

21   Dated:  November 9, 2021

22                                       DENNIS M. COTA

23                                       UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

                                    14